| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>THE HUNTINGTON NATIONAL BANK | **DEFENDANTS**<br>CHRISTOPHER J VITALE |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Aldridge Pite, LLP<br>3707 East Southern Avenue, Mesa, AZ 85206<br>(858) 750-7600 | **ATTORNEYS** (If Known)<br>CHRIS D. BARSKI<br>9332 N. 95th Way, Suite 109<br>602-441-4700 |
| **PARTY** (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is a complaint for the determination of the dischargeability of debt under 11 USC 523 (a)(2)(A) and (C).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR CHRISTOPHER J VITALE | BANKRUPTCY CASE NO. 2:26-bk-00581-PS | |
| DISTRICT IN WHICH CASE IS PENDING ARIZONA | DIVISION OFFICE PHOENIX | NAME OF JUDGE Paul Sala |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Chris Dutkiewicz 024962 | | |
| DATE<br>June 18, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>CHRISTOPHER DUTKIEWICZ | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

CHRIS DUTKIEWICZ (SBN 024962)
cdutkiewicz@aldridgepite.com
**ALDRIDGE PITE, LLP**
3707 East Southern Avenue
Mesa, AZ 85206Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Plaintiff/Creditor The Huntington National Bank

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>CHRISTOPHER J VITALE<br>Debtor. | Case No. 2:26-bk-00581-PS<br><br>Chapter 7<br><br>Adv. Pro. #: |
| THE HUNTINGTON NATIONAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER J VITALE,<br><br>Defendant. | **COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523** |

Plaintiff, The Huntington National Bank., brings this Adversary Proceeding against Debtor Christopher Vitale to determine dischargeability of debts owed to Plaintiff under 11 U.S.C. §523.

## I. <u>JURISDICTION</u>

1. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. §1334 in that this proceeding arises from and is related to the above-captioned case under Title 11.

/./

2. This Court has both personal and subject matter jurisdiction to hear this case

pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2), respectively.

3. This Court also has jurisdiction pursuant to 28 U.S.C. §1331 in light of the federal subject matter of 11 U.S.C. §1322.

4. This matter is primarily a core proceeding under 28 U.S.C. §157 and therefore the Bankruptcy Court has jurisdiction to enter a final order.

5. Venue lies in this District pursuant to 28 U.S.C. §1391(b).

## II. PARTIES

6. Plaintiff The Huntington National Bank, ("Plaintiff" or "Huntington"), is a Bank and is authorized to engage and is engaging in business in the State of Arizona.

7. Debtor/Defendant Christopher Vitale ("Defendant") is an individual residing in the County of Maricopa, Arizona.

8. Defendant filed a voluntary Chapter 7 bankruptcy case (Case No. 2:26-bk-00581-PS) on January 21, 2026, in the United States Bankruptcy Court for the District of Arizona.

9. Plaintiff is listed as a creditor in Defendant's Chapter 7 Bankruptcy Schedules.

## III. FIRST CLAIM FOR RELIEF:
## DETERMINATION OF NONDISCHARGEABILITY UNDER 11 U.S.C. §523(a)(2)(A)

10. Plaintiff realleges and incorporates by reference paragraphs 1 through 9 above as though set forth fully herein.

11. Plaintiff alleges and believes that the Debtor utilized a credit account funded by the Plaintiff. Plaintiff alleges and believes this credit account ends in -7631 and is the same account listed on Debtor's schedules as Creditor 4.5 on Schedule F. A true and correct copy of Debtor's Schedule F is attached hereto as **Exhibit "A"**.

12. Plaintiff alleges that upon belief and further verification of applicable statements, the following transactions (at a minimum) did in fact occur on account -7631:

11/2/2025 -$15,000.00 (balance transfer)

11/21/2025 -$20,700.00 (balance transfer)

12/29/2025 -$3,450.00 (cash advance)

12/30/2025 -$3,000.00 (jewelry)

True and correct copies of the applicable statements are attached hereto as **Exhibit "B"**.

13. Defendant's liability to Plaintiff, as alleged herein, is a debt for money owed and services provided within the meaning of section 523(a)(2)(A) of the Bankruptcy Code.

14. Section 523(a)(2)(A) of the Bankruptcy Code states that "a discharge under…this title does not discharge an individual debtor from any debt---for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false representation, or actual fraud, other than a statement respecting the debtor's … financial condition..."

15. Plaintiff alleges that the transactions identified in Paragraph 12 of this complaint are the kind of non-dischargeable debts contemplated by 523(a)(2)(A).

16. Plaintiff alleges that the transactions identified in Paragraph 12 of this complaint are non-dischargeable.

17. Plaintiff alleges that there may be additional transactions incurred by the Debtor that also may be non-dischargeable under 523(a)(2)(A). Consequently, Plaintiff preserves the right to amend this complaint at a later time after additional research and discovery.

## IV. SECOND CLAIM FOR RELIEF: DETERMINATION OF NONDISCHARGEABILITY UNDER 11 U.S.C. §523(a)(2)(C)

18. Plaintiff realleges and incorporates by reference the paragraphs 1 through 17 above as though set forth fully herein.

19. Section 523(a)(2)(C) excepts from discharge consumer debts owed to a single creditor and aggregating more than $500 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title and cash advances aggregating more than $750…obtained by an individual debtor on or within 70 days before…the filing of the bankruptcy.

20. Plaintiff alleges that the transactions identified in paragraph 12 of this complaint are the kind of non-dischargeable debts contemplated by Section 523(a)(2)(C).

21. Plaintiff alleges the transactions identified in paragraph 13 of this complaint are non-dischargeable.

/./

22. Plaintiff alleges there may be additional transactions and debts non-dischargeable under 523(a)(2)(C). Consequently, Plaintiff preserves its right to amend this complaint at a later time after additional discovery.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff having set forth its claims for relief against the Defendant respectfully prays of the Court for relief as follows:

A. Based upon the foregoing, the amounts owed under the account in favor of Plaintiff in amounts up to at least $42,150, plus interest and costs, be nondischargeable pursuant to Sections 523(a)(2)(A) or 523(a)(2)(C) or both, of the Bankruptcy Code;

B. For damages on Plaintiff's first and second for relief, according to proof;

C. For interest on such damages, according to proof;

D. For attorney's fees, according to proof;

E. For costs; and

F. Such other and further relief as the Court may deem just and proper.

ALDRIDGE PITE, LLP

Dated: June 17, 2026

/s/ Chris Dutkiewicz 024962

CHRISTOPHER DUTKIEWICZ
Attorneys for Plaintiff/The Huntington National Bank.

Chris Dutkiewicz (SBN )
cdutkiewicz@aldridgepite.com
Josephine E. Salmon (SBN 020630)
jsalmon@aldridgepite.com
**ALDRIDGE PITE, LLP**
3707 East Southern Avenue
Mesa, AZ 85206
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Creditor
The Huntington National Bank

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>CHRISTOPHER J VITALE,<br><br>Debtor. | Chapter 13<br><br>Case No. 2:26-bk-00581-PS<br><br>**PROOF OF SERVICE** |

I, Gregory Chu, declare that:

I am employed by Aldridge Pite, LLP. My business address is 3333 Camino Del Rio South, Suite 225, San Diego, CA 92108. I am over the age of eighteen years and not a party to this cause.

On June 18, 2026, I caused the following documents:

- **COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523**

to be served in said cause by electronic means via e-mail through the court's CM/ECF system or by placing true and correct copies thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

**DEBTOR(S) (VIA US MAIL)**
CHRISTOPHER J VITALE
13220 N. Scottsdale Road, No. 5011
Scottsdale, AZ 85254
(Via U.S. Mail)

**DEBTOR(S) ATTORNEY**
Chris D. Barski
Barski Law
9332 N. 95th Way, Suite 109
Scottsdale, AZ 85258
cbarski@barskilaw.com
(Via ECF)

**CHAPTER 13 TRUSTEE**
Edward J. Maney
101 N. First Ave.,
Suite 1775
Phoenix, AZ 85003
service@maney13trustee.com
(Via ECF)

**U.S. TRUSTEE**
U.S. Trustee
Department of Justice
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003
USTPRegion14.PX.ECF@USDOJ.GOV
(Via ECF)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 18, 2026

/s/ *Gregory Chu*
GREGORY CHU